IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CELLDEX RESEARCH CORPORATION,<br>    222 Cameron Drive, Suite 400<br>    Phillipsburg, NJ 08865<br><br>        Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS,<br>    Under Secretary of Commerce for<br>    Intellectual Property and Director of the<br>    United States Patent and Trademark Office<br>    Office of General Counsel<br>    United States Patent and Trademark Office<br>    Madison Building East, Rm. 10B20<br>    600 Dulany Street<br>    Alexandria, VA 22314<br><br>        Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff Celldex Research Corporation ("Celldex"), for its complaint against the Honorable David Kappos, states as follows:

### NATURE OF THE ACTION

1.    This is an action by the assignee, Celldex, of United States Patent No. 7,560,534 (hereinafter "the '534 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '534 patent be changed from 171 days to 582 days.

2.    This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Celldex (formerly named Celldex Therapeutics, Inc.) is a corporation organized under the laws of Delaware, having a place of business at 222 Cameron Drive, Suite 400, Phillipsburg, NJ 08865.

4. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending the performance of all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district court by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8. Yashwant M. Deo, Tibor Keler, John Treml, and Michael Endres are inventors of the patent application number 10/035,637 (hereinafter "the '637 application") which issued as the '534 patent, entitled Molecular Conjugates Comprising Human Monoclonal Antibodies To Dendritic Cells, on July 14, 2009. The '534 patent is attached hereto as Exhibit A.

9.  Celldex is the assignee of the '534 patent, as evidenced by the records in the PTO, and is the real party in interest in this case.

10.  Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency."

11.  In calculating the patent term adjustment, the Director has to take into account PTO delays under 35 U.S.C. §§ 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12.  On October 1, 2008, the PTO issued a Notice of Allowance and a Determination of Patent Term Adjustment Under 35 U.S.C. § 154 (b) indicating that the '534 patent would be entitled to 0 days of patent term adjustment.

13.  On November 26, 2008, Celldex timely filed an Application for Patent Term Adjustment Including Request for Reconsideration and a corresponding Statement Under 37 C.F.R § 1.702(b)(2) (hereinafter "first Request for Reconsideration"). In the first Request for Reconsideration, Celldex pointed out three errors in the PTO's patent term adjustment determination and requested a minimum patent term adjustment of 472 days, with an additional term to be added based on the number of days following payment of the Issue Fee that the patent was actually issued. Plaintiff Celldex asserted that: (1) an examination delay of 113 days accrued for the failure of the PTO to issue a reply to Plaintiff Celldex's Response to Restriction Requirement (dated April 16, 2004) within four months; (2) an applicant delay accrued for the delayed submission of an

Information Disclosure Statement on July 29, 2004; and (3) an anticipated delay of 507 days would accrue for the failure of the PTO to issue a patent within three years after the date the application was filed.

14. On June 9, 2009, the PTO issued a Response to the first Request for Reconsideration and Statement (hereinafter "Response") acknowledging an examination delay by the PTO of 113 days. The PTO further indicated, however, that "the patent term adjustment as it relates to the PTO's failure to issue the patent within 3 years of the filing date" would be "*held in abeyance* until after the actual patent date."

15. On July 14, 2009, the '534 patent issued with a patent term adjustment of 171 days listed on the face of the patent (*see* Ex. A at 1).[1]

16. On August 24, 2009, Celldex timely filed a second Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(b) and (d) (hereinafter "the second Request for Reconsideration") for the '534 patent, requesting that it be granted a corrected final patent term adjustment of 582 days based on Celldex's calculation of delay under 35 U.S.C. § 1.54(b)(1)(A) and (B). The second Request for Reconsideration has not been granted and is still pending before the PTO.

17. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

---

[1] Plaintiff notes that, in the Response dated June 9, 2009, the PTO acknowledged an examination delay of 113 days. However, the PTO's patent term adjustment of 171 days does not appear to reflect this adjustment. Moreover, even if this adjustment was taken into account, the PTO's calculation would still be erroneous, as calculated with respect to the PTO's failure to issue a patent within three years of filing, and contrary to the 582-day patent term adjustment to which Celldex is legally entitled.

18. This action against the Director is timely filed within the 180 day period after grant of the patent, under 35 U.S.C. § 1.54(b)(4)(A).

## CLAIM FOR RELIEF

19. The allegations of paragraphs 1-18 are incorporated in this claim for relief as if fully set forth.

20. The patent term adjustment for the '534 patent, as determined by the Director under 35 U.S.C. § 154(B) and listed on the face of the '534 patent, is 171 days (*see* Ex. A at 1).

21. The Director's determination of the 171-day patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the delay in issuance of the '534 patent beyond three years after the actual filing date of the application for the patent. The correct patent term adjustment for the '534 patent is at least 582 days.

22. The '637 application was filed on November 7, 2001, and the '534 patent was issued on July 14, 2009.

23. Celldex is entitled to an adjustment of the term of the '534 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 657 days, which is the number of days attributable to PTO examination delay during prosecution of the '637 application ("A Delay"). Specifically, 434 days of the A Delay accrued for the failure of the PTO to mail an action under 35 U.S.C. §132 within 14 months after the actual filing date, 113 days of A Delay accrued for the failure of the PTO to issue a reply to Celldex's Response to Restriction Requirement (dated April 16, 2004) within four months, and 110 days of the A Delay accrued for the failure of the Office to issue a patent not later than four months

after the date on which the Issue Fee was paid. The total sum of the A Delay is 657 days (*i.e.*, 434 + 113 + 110 = 657).

24. The plaintiff is also entitled to an additional adjustment of the term of the '534 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 507 days, which is the number of days by which the issuance of the '534 patent was delayed beyond three years from the actual filing date of the '637 application ("B Delay"). The 507 day B Delay excludes the period beginning on the date that Celldex filed a Request for Continued Examination (March 30, 2006) and ending on the date the patent issued (July 14, 2009), *i.e.*, 1203 days.

25. Section 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '534 patent, 30 days of the A Delay overlapped with the period of the B Delay.

26. The total period of PTO delay was 1134 days, which is the sum of the A Delay (657 days) and the B Delay (507 days), as shown in the chart attached hereto as Exhibit B, less the period of overlap between the A Delay and B Delay (30 days).

27. The '534 patent is subject to a disclaimer of term. Specifically, the '534 patent is terminally disclaimed over U.S. Patent Application No: 10/903191 (hereinafter "the '191 patent"), which has not yet issued. However, given that the projected expiration of the '191 patent (*i.e.*, January 20, 2024) is longer than the term of the '534 patent (*i.e.*, May 8, 2021 + 582 days of PTA = December 11, 2022, as calculated herein), the terminal disclaimer is irrelevant. Therefore, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

28. The total period of PTO delay is reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay, which the Director calculated for the '534 patent as 552 days.

29. Accordingly, the correct patent term adjustment to which the plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is <u>582</u> days, which is the total period of PTO delay (434 days + 507 days + 113 days + 110 days -30 days = 1134 days), less the period attributable to applicant delay (1134 days - 552 days = 582 days).

30. It is unclear from the PTO's PTA Sheet available in Private Pair how the PTO arrived at a patent term adjustment of 171 days. Although the PTO acknowledged in the Response dated June 9, 2009 that additional patent term adjustment for examination delays were warranted, it does not appear that these delays were factored into the PTO's calculation upon issuance of the patent.

31. Moreover, it appears that the Director erred in the determination of patent term adjustment for the '534 patent by erroneously treating the entire period of B Delay as overlapping with the A Delay, and crediting only the greater of the two delays, instead of correctly crediting the sum of both the A and B delays. Thus, the Director incorrectly calculated a patent term adjustment for the '534 patent as <u>171</u> days. By this erroneous calculation, the Director has deprived the plaintiff of the full patent term adjustment to which it is entitled (calculated above as <u>582</u> days).

32. In its opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction and application of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with this Court's decision in *Wyeth*, the patent term adjustment for the '534 patent is properly determined to be 582 days, as set forth above.

33. The Director's allowance of only 171 days of patent term adjustment for the '534 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '534 patent term from 171 days to 582 days, and requiring the Director to alter the term of the '534 patent to reflect the 582 day patent term adjustment.

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully Submitted,

_/s/ Deborah M. Shelton /cml/_
Deborah M. Shelton (D.C. Bar No. 464487)
Christopher M. Loveland (D.C. Bar No. 473969)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
Phone: (202) 218-0000
Facsimile: (202) 218-0020

Dated: January 12, 2010                *Counsel for Celldex Research Corporation*

Of Counsel
William A. Scofield, Jr.
LAHIVE & COCKFIELD LLP
One Post Office Square
Boston, MA 02109
Phone: (617) 994-0755
Facsimile: (617) 742-4214